# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **James A. White, Sr.,** | : | |
| **Plaintiff,** | : | |
| v. | : | Case No. 2:19-cv-2243 |
| **Menard, Inc.,** | : | **JUDGE SARAH D. MORRISON** |
| | : | **Magistrate Judge Vascura** |
| **Defendant.** | : | |

## OPINION & ORDER

This is a slip and fall case before the Court on diversity jurisdiction. Defendant Menard, Inc. ("Menard") moves for full summary judgment (ECF No. 15) and the time for Plaintiff James A. White, Sr. ("White") to respond has passed. Because Menard owed Mr. White no duty, the Court **GRANTS** the motion. (ECF No. 15.)

### I.  BACKGROUND

Mr. White is an Ohio resident. (White Dep. at 6.) Menard is a Wisconsin citizen with its principal place of business in Wisconsin. (ECF No. 1.)

On May 26, 2017, Mr. White went to the Menard's location in east Columbus, Ohio to look for glider cushions. (White Dep. 19-20.) He had been to that location approximately 120 times prior. *Id*. at 21-24, 29. It was not raining that day. *Id*. at 19.

He entered the store via the exit door. *Id*. at 25-27. He did not carry anything into the store. *Id*. at 35. The store was well-lit. *Id*. 36. As he walked through an empty checkout lane he fell on the right side of his buttocks. *Id*. at 25-27, 33, 38. When he got up, he noticed a pink color liquid on the floor where he fell and realized the liquid was the reason he fell. *Id*. at 33, 35. The liquid was visible because it was a different color than the floor. *Id*. at 34. The wet area was about twelve inches wide. *Id*. at 34. Nothing blocked his view of the puddle; indeed, he testified

1

he would have seen it had he been looking at the floor. *Id*. at 36. He informed a store clerk about the puddle and she cleaned up the area. *Id*. at 33. He proceeded to look at items he had come to view before leaving the store. *Id*. at 33, 35.

That evening, his right side became stiff. *Id*. at 38. He returned to the store one day later to complete an accident report before going to urgent care. *Id*. at 39. X-rays revealed a compound fracture on his back tailbone. *Id*. at 39. Although he completed physical therapy, his pain continued, so he takes pain medication daily. *Id*. at 43-44.

Mr. White's May 10, 2019 Complaint, filed in the Franklin County, Ohio Court of Common Pleas, asserts a single negligence count against Menard. (ECF No. 2.) He seeks monetary damages, his attorney's fees and court costs in excess of $25,000. Menard's May 23, 2019 Answer denies all allegations. (ECF Nos. 1, 3.)

On May 29, 2019, Menard removed the matter to this Court pursuant to the diversity statute, 28 U.S.C. § 1332. (ECF No. 1.) Menard's Notice of Removal ("Notice") establishes the diversity of the parties. The Notice also establishes that Mr. White's damages "more likely than not" exceed $75,000 due to the allegedly permanent nature of his claimed injuries and because Mr. White's counsel refused to stipulate that the amount-in-controversy is less than $75,000. (ECF No. 1 at 2.) Menard therefore satisfies its burden of establishing the presence of § 1332's jurisdictional requirements at the time of removal. *Miller v. Volkswagen of Am., Inc*., 889 F. Supp. 2d 980, 987 (N.D. Ohio 2012) (citing *Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 871-72 (6th Cir. 2000) (discussing the "more likely than not" amount-in-controversy threshold); *see also Hampton v. Safeco Ins. Co*., 614 F. App'x 321, 323 (6th Cir. 2015) (providing the "amount

claimed by the plaintiff usually controls, but the defendant can remove the case under 28 U.S.C. § 1441(a) if it is shown that the amount in controversy is more likely than not above $75,000.").[1]

Menard's unopposed Motion for Summary Judgment (ECF No. 15) is now ripe for disposition.

## II. STANDARD OF REVIEW

The Court applies federal procedural law in this diversity action. *PCA Minerals, LLC v. Merit Energy Co., LLC*, 725 F. App'x 342, 345 (6th Cir. 2018). Under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009). The moving party bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005).

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be

---

[1] Section § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also Longaberger*, 586 F.3d at 465. "Only disputed material facts, those 'that might affect the outcome of the suit under the governing law,' will preclude summary judgment." *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008) (quoting *Anderson*, 477 U.S. at 248). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *Daugherty*, 544 F.3d at 702; *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994). Rather, in reviewing a motion for summary judgment, a court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

### III. ANALYSIS

Mr. White seeks to hold Menard liable for his fall under a negligence theory. Menard argues judgment in its favor is proper because it owed Mr. White no duty. (ECF No. 15.) Menard first asserts it owed him no duty because the spill was open and obvious. *Id*. Alternatively,

Menard argues it cannot be held liable because it did not have actual or constructive knowledge of the spill. *Id*. Finding the former ground sufficient for judgment, the Court **GRANTS** the motion (ECF No. 15) without addressing the latter basis.

The Court utilizes Ohio law for its substantive analysis. *PCA Minerals, LLC*, 725 F. App'x at 345. To prevail on his negligence claim, Mr. White must establish each of the following elements: (1) a duty running from the defendant to the plaintiff, (2) a breach of that duty, and (3) the breach directly and proximately caused damages or injury. *Kraft v. OMCO Bldg., LLC*, 2019-Ohio-621, ¶ 29 (10th Dist. Ct. App. Franklin Feb. 21, 2019) (citing *Hester v. Dwivedi*, 89 Ohio St.3d 575, 578 (2000) and *Menifee v. Ohio Welding Prods.*, Inc., 15 Ohio St.3d 75, 77 (1984)). The existence of a duty in a negligence action is a question of law for the court to determine. *Mussivand v. David*, 45 Ohio St. 3d 314, 318 (1989).

"Duty, as used in Ohio tort law, refers to the relationship between the plaintiff and the defendant from which arises an obligation on the part of the defendant to exercise due care toward the plaintiff." *Asad v. Cont'l Airlines*, Inc., 328 F. Supp. 2d 772, 781 (N.D. Ohio 2004) (citation omitted). "When the alleged negligence occurs in the premises-liability context, the applicable duty is determined by the relationship between the landowner and the plaintiff." *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St. 3d 120, 2009-Ohio-2495, 909 N.E.2d 120, 123 (Ohio 2009) (citing *Gladon v. Greater Cleveland Reg'l Transit Auth.*, 75 Ohio St. 3d 312, 1996- Ohio 137, 662 N.E.2d 287, 291 (Ohio 1996)). Here, it is clear that Mr. White was a business invitee. "A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E.2d

1088, 1089-90 (Ohio 2003) (citing *Paschal v. Rite Aid Pharmacy, Inc*., 18 Ohio St. 3d 203 (Ohio 1985)).

As noted, Menard argues that the puddle was open and obvious such that no duty attached. An open and obvious hazard is one that is neither hidden nor concealed from view and is discoverable through ordinary inspection. *Parsons v. Lawson Co*., 57 Ohio App. 3d 49, 566 N.E.2d 698, 700 (Ohio Ct. App. 1989). This district has addressed then open and obvious doctrine this way:

> [T]he proprietor is under no duty to protect a business invitee from dangers that are known to the invitee or which are so obvious and apparent to such invitee that [she] may reasonably be expected to discover them and protect herself against them. This is so because the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.

*Stephens v. Aldi, Inc*., No. 2:01-CV-981, 2002 U.S. Dist. LEXIS 20550, at *4 (S.D. Ohio Sep. 30, 2002)(Mag. McCann King)(internal quotations and citations omitted.) Thus, if the hazard was open and obvious no duty exists. It therefore follows that "when a plaintiff is injured by an open and obvious danger, summary judgment is generally appropriate because the duty of care necessary to establish negligence does not exist as a matter of law." *Good v. Dave & Buster's*, No. 2:17-cv-647, 2019 U.S. Dist. LEXIS 167915, at *6-7 (S.D. Ohio Sep. 30, 2019) (citation omitted).

The standard is objective, so the plaintiff does not have to actually observe the hazard for it to be considered open and obvious. *Clark v. Wal-Mart Stores, Inc*., No. 2:16-cv-463, 2018 U.S. Dist. LEXIS 50745, at *7 (S.D. Ohio Mar. 27, 2018). Instead, the "determinative issue is whether the condition is observable." *Andler v. Clear Channel Broad., Inc*., No. 2:06-CV-265, 2007 U.S.

Dist. LEXIS 87695, at *11 (S.D. Ohio Nov. 28, 2007) (quotation omitted). And that depends on the "unique facts and circumstances surrounding the hazard." *Id*.

Mr. White had been to the Menard's location at issue at least 100 times prior to the day of his fall. Mr. White testified that it was not raining the day of his visit, and that the store was well-lit. He testified that he slipped on a puddle of pink liquid that contrasted with the floor. He saw the puddle after his fall. He further testified that he would have seen the puddle had he looked. *See Martinez v. Wal-Mart Stores, Inc*., No. 3:16-cv-1425, 2018 U.S. Dist. LEXIS 183294, at *5-6 (N.D. Ohio Oct. 25, 2018) (holding puddle of water is open and obvious when customer can see puddle after fall). He testified that nothing blocked his view of the puddle, and that he was not distracted. *See Beach v. Wal-Mart Stores E., Inc*., No. 2:15-cv-1123, 2016 U.S. Dist. LEXIS 172150, at *9 (S.D. Ohio Dec. 13, 2016) (holding clothing rack was open and obvious under similar circumstances). These admissions show that the puddle was open and obvious. Accordingly, Mr. White cannot establish the duty element of his negligence claim, and Menard is entitled to summary judgment on his sole count for relief pursuant to the cited authorities.

## IV. CONCLUSION

Menard's Motion for Summary Judgment (ECF No. 15) is **GRANTED**. The Clerk shall enter final judgment for Menard.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**